OGLESBY and another *v.* SILLOM and Husband.

*(Circuit Court, E. D. Louisiana.    July, 1881.)*

1. DOMICILE—CITATION.

By the laws of Louisiana the domicile of the wife follows that of the husband. Therefore, a citation for the wife, left at the domicile of the husband, in this state is good, and is binding on her.

In Equity.

*Mott & Kelly,* for plaintiffs.

*Hudson & Fearn,* for defendants.

BILLINGS, D. J.    This suit is instituted to foreclose a mortgage executed by a married woman upon her property. The first question is as to the validity of the service of the subpœna. The service was made at the domicile of the husband, there being no legal separation. This is a valid service upon the wife, according to the rules in equity of the supreme court, and according to our Code of Practice. The rule of the supreme court undoubtedly refers the question of domicile to the laws of the state, and the separation in fact does not prevent the husband's domicile being that of the wife. The service is, therefore, legal, and Mrs. Sillom is properly called upon to answer. In fact, this defendant, who is a married woman, has lived in France for the past 17 years, although the legal domicile of her husband, and consequently that of herself, is within this state. Though the service is legal and brings her before the court, the time which should be allowed her to consider in a cause should be determined by her actual residence, and should be sufficient to enable her, as to matters of fact, to communicate with her solicitors. The question here being as to whether a receiver should be appointed to administer a plantation, and the proof being that it is well administered; and, further, it being impossible that any crop can be taken from the plantation until late in the autumn,—there is little risk of damage to

the complainants in allowing reasonable delay for the purpose of suitable preparation on the part of the real defendant, whose interests are distinct from those of her husband.

It is therefore ordered that the hearing of the application for the appointment of a receiver. be continued to the third Monday of November.